**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PATRICK MCINTOSH, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| UNNAMED, | :: | CIVIL ACTION NO. |
|    Defendant. | :: | 1:18-CV-0344-TWT-RGV |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Patrick McIntosh, presently confined in the Medical Center for Federal Prisoners in Springfield, Missouri, has submitted to the Court a one-page letter, [Doc. 1], which has been docketed as this pro se civil rights action. Plaintiff seeks appointment of counsel and alleges that he has "been falsely imprisoned, maliciously prosecuted, denied the right to education, and harassed for [his] sexual orientation/ideology." [Id.]. Plaintiff has not paid the filing fee in this civil action and, thus, apparently seeks leave to proceed in forma pauperis.

A prisoner may not bring a civil action in federal court in forma pauperis "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). Plaintiff has filed at least four prior cases while incarcerated that were dismissed either as frivolous, malicious, or for failure to state a claim. See McIntosh v. McIntosh, No. 2:17-CV-0375-RMG-BM (D. S.C. Aug. 22, 2017); McIntosh v. Taylor, No. 2:17-CV-0376-RMG-BM (D. S.C. Aug. 3, 2017); McIntosh v. Gwinnett Cty. Ga. Sheriff's Dep't, No. 1:17-CV-0470-TWT-RGV (N.D. Ga. July 25, 2017); McIntosh v. Wade, No. 1:17-CV-0469-TWT-RGV (N.D. Ga. Apr. 13, 2017). Plaintiff's does not allege a current imminent threat of serious injury in this case. [Doc. 1]. Therefore, pursuant to § 1915(g), plaintiff cannot proceed in forma pauperis in this action.

When § 1915(g) bars a prisoner from proceeding in forma pauperis, "the proper procedure is . . . to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time [s]he initiates the suit." Id. Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO RECOMMENDED**, this 26th day of JANUARY, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE